1

2

**UNITED STATES DISTRICT COURT**

3

**DISTRICT OF NEVADA**

4

\* \* \*

5

NICAELA M. BIER, et al.,

Case No. 2:24-cv-00291-CDS-BNW

6

Plaintiffs,

7

v.

**REPORT AND RECOMMENDATION**

8

ASHLEY FURNITURE INDUSTRIES, LLC,
et al.,

9

10

Defendants.

11

12        Before the Court is Plaintiffs' Motion to Amend. ECF No. 11. The Ashley Defendants

13   opposed. ECF No. 13. Plaintiffs replied. ECF No. 15.

14        After applying 28 U.S.C. § 1447(e) and considering the relevant factors under *Newcombe*

15   (prejudice to Plaintiffs, balancing the equities, and determining whether injustice would occur)

16   the Court recommends that Plaintiffs' Motion be denied. Because all parties remain diverse, the

17   Court recommends that Plaintiffs' Motion to Remand (ECF No. 12) be denied as well.

18   **I.      BACKGROUND**

19        This is a wrongful death case stemming from the Ashley Defendants' sale of an allegedly

20   defective sectional to Plaintiffs, which they claim caused the death of their infant son. *See*

21   *generally* ECF No. 1-1. Plaintiffs bring strict products liability, negligence, and breach of implied

22   warranty claims against the Ashley Defendants. *Id.* Their original state court complaint also

23   brought claims against Paula Andrews, an Ashley Furniture sales associate, but the state court

24   dismissed her from the suit. ECF No. 1-5. Because the remaining parties had diverse citizenship,

25   the Ashley Defendants removed the case to federal court. ECF No. 1.

26        Plaintiffs now seek to amend their complaint to add Andrews once again, albeit with

27   additional allegations regarding her representations to Plaintiffs. ECF Nos. 11; 11-5. Because

28

Andrews is a Nevada resident who would destroy complete diversity, Plaintiffs also seek to remand the case to state court. ECF No. 12.

## II.    ANALYSIS

Plaintiffs move for leave to file an amended complaint under Federal Rule of Civil Procedure 15(a) to add a negligence and strict product liability claim against Andrews, the salesperson who sold Plaintiffs their sectional. ECF No. 11. They argue that amendment is proper because they are timely bringing the motion in good faith, and amendment is not futile. *Id.* at 12–23.

The Ashley Defendants oppose amendment because they claim that the addition of Andrews constitutes a fraudulent joinder[1] in which Plaintiffs solely seek to add Andrews to defeat diversity jurisdiction. ECF No. 13 at 5–6. They contend that Andrews was properly dismissed by the state court and that even with the amended allegations, Plaintiffs still cannot state viable negligence and strict products liability claims against Andrews. *Id.* at 6–12. But Plaintiffs counter that in considering the allegations in their proposed amended complaint, they allege cognizable claims against Andrews. ECF No. 15 at 7–12.

There is a split in authorities, unresolved by the Ninth Circuit, on whether Rule 15 or 28 U.S.C. § 1447(e) governs the Court's decision to permit joinder of defendants that would destroy

---

[1] Much of the parties' discussion surrounding both Plaintiffs' Motion to Amend and Motion to Remand relates to whether Plaintiffs can state viable negligence and strict products liability claims against Andrews. However, the fraudulent joinder analysis is not the applicable standard where, as here, a plaintiff seeks to amend their complaint to join a nondiverse defendant *after* removal. 28 U.S.C § 1447(e); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Ninth Circuit cases concerning fraudulent joinder and the parties' cited cases from this District are procedurally different in that the nondiverse defendants were already active, named defendants in the case and despite the lack of complete diversity between the parties, the defendants removed the case to federal court, arguing fraudulent joinder. *See, e.g.*, *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 547 (9th Cir. 2018); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1041 (9th Cir. 2009); *Emerson v. Arctic Cat Sport, Inc.*, No. 2:16-cv-001229-MMD-PAL, 2016 WL 6652447, at *1 (D. Nev. Nov. 8, 2016); *Moore v. Medtronic, Inc.*, No. 2:05-cv-01329-KJD-PAL, 2006 WL 1795861, at *1 (D. Nev. June 28, 2006); *Kite v. Zimmer US, Inc.*, No. 2:06-cv-0745-RCJ-RJJ, 2006 WL 3386765, at *1 (D. Nev. Nov. 22, 2006); *Thompson v. Medtronic, Inc.*, No. 2:06-cv-00675-RCJ-PAL, 2006 WL 3544937, at *1 (D. Nev. Dec. 8, 2006).

diversity. *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014); *see also Magana v. Archer Daniels Midland Co.*, No. 120CV00578NONESKO, 2021 WL 1375466, at *1 (E.D. Cal. Apr. 12, 2021) (acknowledging that the Ninth Circuit has yet to resolve what standard governs this situation); *Armstrong v. FCA US LLC*, No. 119CV01275DADSAB, 2020 WL 6559232, at *3, n.3 (E.D. Cal. Nov. 9, 2020) (recognizing split).

Under Rule 15, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "The standard for granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986). "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Corinthian Colls.*, 655 F.3d at 995. These factors, however, are not equally weighed. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

The Court believes that the proper analysis of a motion to amend that would add defendants after removal and destroy subject matter jurisdiction is under 28 U.S.C. § 1447(e). While district courts in the Ninth Circuit have gone both ways, the Ninth Circuit's decision in *Newcombe* suggests that the proper analysis is under 28 U.S.C. § 1447(e). *Id.*

1    In Newcombe, after the case was removed, the plaintiff sought to add a defendant that

2    would destroy diversity. *Id.* The district court denied the motion and the Ninth Circuit affirmed.

3    *Id.* The Ninth Circuit cited Section 1447(e) (not Rule 15) and explained that:

4         [t]he district court considered the potential prejudice to Newcombe, balanced the
          equities, and determined that no injustice would occur. The district court, after
5         stating that it was aware of its discretion under § 1447(e), concluded that Cassidy
          was not a crucial defendant in this case because Newcombe only sought (1) an
6         injunction, which could only be enforced against the other defendants, and
          (2) money damages, which could be fully satisfied by the other defendants. In
7         addition, the district court concluded that Newcombe would not suffer undue
          prejudice due to Cassidy's absence as a party because he could subpoena Cassidy
8         to testify at trial, and if he so chose, he could still proceed separately against
          Cassidy in state court. We agree with these conclusions and therefore conclude
9         that the district court did not abuse its discretion in denying Newcombe's motion
          to remand.
10

11   *Id.*

12        In two unpublished decisions issued since *Newcombe*, the Ninth Circuit has continued to

13   apply Section 1447(e) in situations such as this (and not Rule 15). *See 3WL, LLC v. Master Prot.,*

14   *LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (applying Section 1447(e) and reasoning that "[b]ecause

15   '[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court

16   the discretion to deny joinder,' this court has upheld such denials where the district court

17   'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no

18   injustice would occur.' "); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 407 (9th

19   Cir. 2016) ("Plaintiffs sought leave to amend the complaint. . . The district court properly denied

20   the motion because the proposed amendment sought to rejoin diversity-destroying defendants

21   under the analysis required by 28 U.S.C. § 1447(e).").

22        Based on these published and unpublished Ninth Circuit cases, this Court concludes that it

23   must analyze the instant motion to amend under 28 U.S.C. § 1447(e). The analysis of proposed

24   amendment under § 1447(e) requires higher scrutiny than standard amendment under Federal

25   Rule of Civil Procedure 15. *Lieberman v. Wal-Mart Stores, Inc.*, No. 2:12-CV-1650 JCM PAL,

26   2013 WL 596098 * 1 (D. Nev. Feb. 15, 2013). Courts have broad discretion when deciding

27   whether to permit diversity destroying joinder. *3WL*, 851 F. App'x at 7.

28

The Court further concludes that, based on *Newcombe*, it should consider the prejudice to the plaintiff, balance the equities, and determine whether injustice would occur. *See Newcombe*, 157 F.3d at 691; id. at 7 ("this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.'"). The Court acknowledges that district courts in the Ninth Circuit sometimes apply various factors in evaluating motions to amend under Section 1447(e); however, different courts apply different factors (or none at all). *See, e.g.*, *Sanchez by & through Gomez v. Target Corp., LLC*, No. 2:21-cv-00058-KJD-DJA, 2021 WL 952095, at *1 (D. Nev. Mar. 12, 2021) (applying six factors); *O'Leary v. Smith's Food & Drug Centers, Inc.*, No., 2019 WL 1217296, at *1 (D. Nev. Feb. 25, 2019), *report and recommendation adopted*, No. 2:18-CV-2150-GMN-VCF, 2019 WL 1207931 (D. Nev. Mar. 14, 2019) (applying three factors); *Resendez v. Smith's Food & Drug Centers, Inc.*, No. 2:14-cv-00201-APG-NJK, 2015 WL 875300, at *1 (D. Nev. Mar. 2, 2015) (applying four factors); *Glaster v. Dollar Tree Stores, Inc.*, No. 2:15-cv-00252-MMD-VCF, 2016 WL 128139, at *2 (D. Nev. Jan. 12, 2016) (noting that "some district courts in the Ninth Circuit have applied a multi-factor test to this analysis, assessing the motives behind seeking joinder, and whether joinder would affect subject matter jurisdiction. Many of those factors, however, appear to arise from Ninth Circuit case law that predates the 1988 enactment of § 1447(e) in its current form."). Accordingly, rather than choosing a set of factors to apply, the Court follows *Newcombe* and subsequent unpublished cases and will assess the prejudice to the plaintiff, balance the equities, and determine whether injustice would occur.

First, Plaintiffs will not be prejudiced if they are denied leave to amend. It is not critical for Plaintiffs to add Andrews as a party to obtain the relief they seek. Should Plaintiffs prevail on their negligence claim against Andrews, the Ashley Defendants must answer for the acts of their employees. *Nat'l Convenience Stores, Inc. v. Fantauzzi*, 94 Nev. 655, 658 (1978). That is because under the doctrine of respondeat superior, a judgment solely against the Ashley Defendants will obtain the same result. And, importantly, in Plaintiffs' proposed amended complaint, their fifth cause of action for "Negligence of Defendant Andrews" acknowledges that Andrews was "acting within the course and scope of [her] employment" and alleges that the Ashley Defendants are

1    vicariously liable. ECF No. 11-5 at 26. Plaintiffs similarly sue *both* the Ashley Defendants and

2    Andrews for strict products liability. *Id.*at 14–23. Thus, even if they prevailed against both the

3    Ashley Defendants and Andrews on these claims, Plaintiffs' total recovery would be limited to

4    their actual damages. *Elyousef v. O'Reilly & Ferrario*, LLC, 126 Nev. 441, 443 (2010) (expressly

5    adopting the doctrine of double recovery). In other words, they cannot obtain extra or duplicate

6    recovery. *Id.* Additionally, Plaintiffs will not suffer undue prejudice from Andrews's absence as a

7    party because they could subpoena her to testify at trial. *See Newcombe*, 157 F.3d at 691.

8         Second, the Court balances the equities of allowing amendment versus denying

9    amendment. If the Court allows amendment, Plaintiffs may be able to sue both Andrews and the

10   Ashley Defendants in state court for negligence and strict products liability. Should both Andrews

11   and the Ashley Defendants be found negligent in state court, the Ashley Defendants would

12   ultimately be responsible for any damages under the doctrine of respondeat superior. And if both

13   Andrews and the Ashley Defendants are found liable for strict products liability, Plaintiffs' total

14   recovery will be limited to their actual damages—*i.e.*, Plaintiffs cannot obtain duplicate recovery

15   simply because they pursue claims against two parties. If amendment is not allowed, Plaintiff

16   would still be able to obtain relief for Andrews's allegedly negligent actions even if the Ashley

17   Defendants are the only defendants in the case under a theory of respondeat superior. Similarly,

18   Plaintiffs could still recover the total actual damages for their strict products liability claims

19   because they bring them against the Ashley Defendants as well, and not just Andrews. Thus, the

20   equities do not favor amendment.

21        Third, the Court determines that injustice would not occur if Plaintiffs were not allowed to

22   amend their complaint. As previously discussed, Andrews is not a critical defendant in this case

23   and Plaintiffs can obtain complete relief from the Ashley Defendants. Accordingly, no injustice

24   will occur if Plaintiffs are not permitted to amend their complaint.

25        Considering all these factors, the Court, in its discretion under 28 U.S.C. § 1447(e),

26   recommends that Plaintiffs' Motion to Amend be denied. Because the existing parties to this

27   action remain diverse, the Court also recommends that Plaintiff's Motion to Remand be denied.

28

III.    **CONCLUSION**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Amend (ECF No. 11) is **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Remand (ECF No. 12) is **DENIED**.

<u>**NOTICE**</u>

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 3rd, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE