UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Nicaela M. Bier, et al., | Case No.: 2:24-cv-00291-CDS-BNW |
| Plaintiffs | **Order Overruling Plaintiffs' Objection, Adopting Magistrate Judge's Report and Recommendation, and Denying Plaintiffs' Motions** |
| v. | |
| Ashley Furniture Industries, LLC, et al., | |
| Defendants | [ECF Nos. 11, 12, 19, 20] |

Defendants Ashley Furniture Industries, LLC, Ashley Distribution Services, LTD, Ashley Global Retail, LLC (collectively, the "Ashley defendants") removed this products liability lawsuit from the Eighth Judicial District Court, Clark County, to this court based on diversity jurisdiction. ECF No. 1. Plaintiffs Nicaela M. Bier and Joshua J. Ross move for leave to amend their complaint to include Paula Andrews, who was dismissed in state court prior to removal. Mot. to Amend, ECF No. 11. Plaintiffs also seek to remand this action. Mot. to Remand, ECF No. 12. After determining that analysis under 28 U.S.C. § 1447(e) is appropriate for amendment sought to rejoin diversity-destroying defendants, Magistrate Judge Brenda Weksler recommends that this court deny the motion to amend. R&R, ECF No. 19. She further recommends that, because all parties remain diverse, that plaintiffs' motion to remand be denied. *Id.* at 6. Plaintiffs object to Judge Weksler's recommendations (Obj., ECF No. 20), which the Ashley defendants oppose (Resp., ECF No. 21). After conducting a de novo review, I overrule plaintiffs' objections because they have not shown that the magistrate judge made clearly erroneous findings of fact or misapplied the law, adopt the magistrate judge's report and recommendation in its entirety, deny plaintiffs' motion to amend the complaint to add Andrews as a defendant, and deny plaintiffs' motion to remand.

I.  Legal standard

A district court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636. A district judge may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's R&R on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

II.  Discussion

A.  The report's findings and recommendations

As an initial matter, Judge Weksler found that the plaintiffs' motion to amend was governed by 28 U.S.C. § 1447(e) rather than Rule 15 of the Federal Rules of Civil Procedure (FRCP), because the request to add a defendant would destroy diversity. R&R, ECF No. 19 at 3–6 (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)). Although Section 1447(e) does not specify factors for the court to consider, district courts in the Ninth Circuit sometimes apply various factors in evaluating motions to amend under Section 1447(e). ECF No. 19 at 5. Judge Weksler concluded that, based on *Newcombe*, three factors should be considered: (1) potential prejudice to the plaintiff, (2) the balance of equities, and (3) whether injustice would occur. *Id.* Judge Weksler determined that these factors weighed against granting leave to amend. *Id.* at 5–7.

Judge Weksler found that plaintiffs would not suffer undue prejudice from Andrews' absence as a party because "[i]t is not critical to add Andrews to obtain the relief they seek." *Id.* at 5. "[U]nder the doctrine of respondeat superior, a judgment solely against the Ashley Defendants will obtain the same result." *Id.* Judge Weksler also found that the balance of equities does not favor amendment. *Id.* at 6. She reasoned that if amendment is granted, "[p]laintiffs cannot obtain duplicate recovery simply because they pursue claims against two parties." *Id.* Therefore, denying amendment would not deny plaintiffs the possibility of complete relief in this case because "[p]laintiffs would still be able to obtain relief for Andrews's allegedly negligent actions even if the Ashley Defendants are the only defendants in the case. . ." *Id.* Finally, Judge Weksler opined that no injustice would occur if plaintiffs were not allowed to amend their complaint because they "can obtain complete relief from the Ashley Defendants." *Id.* Considering those factors, Judge Weksler recommends that the motion to amend the complaint be denied. *Id.* Moreover, because denying amendment means only diverse parties remain, Judge Weksler also recommends denying plaintiffs' motion to remand. *Id.*

### B. Objections and Response

Plaintiffs timely filed an objection to the report and recommendation. Obj., ECF No. 20. In it, plaintiffs argue that the magistrate judge erred by applying *Newcombe v. Adolf Coors Co.* and analyzing plaintiffs' motion to amend under 28 U.S.C. § 1447(e), rather than FRCP 15's more liberal standard. *Id.* at 5–6. They argue that *Newcombe* is not analogous to this case. *Id.* at 12. Plaintiffs contend that, unlike *Newcombe*, they named Andrews as a defendant in their initial complaint but, "in a procedural anomaly, the state court granted Andrews' motion [to dismiss], without prejudice, but directed Plaintiffs to file a separate motion to amend to add additional factual allegations, rather than granting Plaintiffs leave to amend as a matter of course." *Id.* Plaintiffs were ordered to seek leave to amend so that they could "state the factual basis" for the allegations against Andrews. ECF No. 20-2, Hr'g tr. at 17:22–25; 18:1–2. The Ashley defendants respond that plaintiffs do not offer any viable reason in support of a claim that the state court

procedural history impacts whether *Newcombe* applies. ECF No. 21 at 5. Further, under Rule 15, plaintiffs argue that they should be granted leave to amend because their motion to amend was timely filed and the Ashley defendants will not suffer prejudice if the motion is granted. ECF No. 20 at 6.

  Rule 15 is inapplicable here. First, Nevada Rule of Civil Procedure 15 provides that a party may amend its complaint after a responsive pleading has been filed "only with the opposing party's written consent or the court's leave." NRCP 15(a)(2). Defendants filed their answer on November 13, 2023. ECF No. 1-8 at 5. Based on the motions practice here, it is clear defendants do not consent to amendment, which leaves the requirement of obtaining leave of court. Second, Fed. R. Civ. P. 15 addresses amendment of pleadings generally, whereas 28 U.S.C. section 1447(e) addresses the specific situation of post-removal joinder of non-diverse defendants. *Compare* Fed. R. Civ. P. 15(a)(1) *with* 28 U.S.C. § 1447(e). Third, "the majority of district courts in the Ninth Circuit addressing the specific situation of a plaintiff attempting to use a Rule 15(a) amendment 'as a matter of course' to destroy diversity jurisdiction by adding claims against a non-diverse defendant have scrutinized the plaintiff's purposes for amendment under § 1447(e)." *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014). I agree that the proper way to analyze this motion to amend is under 28 U.S.C. § 1447(e) because it addresses the specific situation of post-removal joinder of a non-diverse defendant. Thus, I find Judge Weksler's application of *Newcombe* and analysis of the motion to amend under § 1447(e) is not clearly erroneous nor contrary to law.

  Next, although plaintiffs argue that their proposed amended complaint states cognizable claims for negligence and for strict product liability for manufacturing defects, design defects, and defective warnings against Andrews (*id.* at 16–17), they do not assert that Andrews is a necessary party for them to obtain complete relief. Fed. R. Civ. P. 19(a) (a court must allow a party to be joined if "in that person's absence, the court cannot accord complete relief among existing parties"). As Judge Weksler properly found, adding Andrews as a defendant would not

provide plaintiffs with additional avenues of relief nor would they obtain any more complete relief from suing Andrews. ECF No. 19 at 6.

Last, plaintiffs contend that if § 1447(e) does apply, that the court should consider the nine-factors applied in *Schurr v. Twin Rest. LV-2, LLC*, thereby making the proposed amendment proper. ECF No. 20 at 17–23; 2023 U.S. Dist. LEXIS 131889 (D. Nev. July 31, 2023). The Ashley defendants oppose application under *Schurr* because those factors are outdated and arise from case law that predated § 1447(e) in its current form. ECF No. 21 at 7. I am not persuaded by plaintiffs' argument. This court's consideration of the outdated law and factors applied in *Schurr*, which presented different facts and arguments, has no bearing on Judge Weksler's recommendation in this case because application of the current § 1447(e) legal standard and three-factor analysis under *Newcombe* is not clearly erroneous nor contrary to law.

### III.   Conclusion

IT IS HEREBY ORDERED that Judge Weksler's report and recommendation **[ECF No. 19] is ADOPTED in its entirety**; therefore, plaintiffs' objection **[ECF No. 20] is OVERRULED**.

IT IS FURTHER ORDERED that plaintiffs' **motion to amend [ECF No. 11]** and **motion to remand [ECF No. 12] are DENIED**.

Dated: November 15, 2024

_____
Cristina D. Silva
United States District Judge