1    BRIAN K. WALTERS, ESQ.
Nevada Bar No. 9711
2    CRAIG A. JACOBSON, ESQ.
(Admitted *Pro Hac Vice*)
3    GORDON REES SCULLY MANSUKHANI, LLP
300 So. 4th Street, Suite 1550
4    Las Vegas, Nevada 89101
Direct: (775) 467-2605
5    Facsimile: (702) 255-2858
E-Mail: bwalters@grsm.com
6            craig.jacobson@grsm.com

7    *Attorneys for Ashley Furniture Industries, LLC;*
*Ashley Distribution Services, Ltd; Ashley Global*
8    *Retail, LLC; and Ashley Furniture Home Store*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICAELA M. BIER, individually, as heir, and as Personal Representative and Administratrix of the Estate of RYDER MICHAEL ROSS; and JOSHUA J. ROSS, individually and as heir;<br><br>                  Plaintiffs,<br>                  v.<br>ASHLEY FURNITURE INDUSTRIES, LLC, a Foreign Limited-Liability Company; ASHLEY DISTRIBUTION SERVICES, LTD., a Foreign Limited Company; ASHLEY GLOBAL RETAIL, LLC, a Foreign Limited-Liability Company doing business as ASHLEY FURNITURE HOME STORE and/or ASHLEY HOME STORE; PAULA ANDREWS, an individual; DOES 1 through 30, inclusive; ROE BUSINESS ENTITIES 1 through 30, inclusive.<br>                  Defendants. | Case No.: 2:24-cv-00291-CDS-BNW<br><br>**JOINT MOTION FOR EXTENSION OF REMAINING DISCOVERY DEADLINES TO ACCOMMODATE MEDIATION** |

      Plaintiffs, NICAELA M. BIER and JOSHUA J. ROSS ("Plaintiffs"), and Defendants, ASHLEY FURNITURE INDUSTRIES, LLC, ASHLEY DISTRIBUTION SERVICES, LTD., ASHLEY GLOBAL RETAIL, LLC, ASHLEY FURNITURE HOME STORES, and ASHLEY HOME STORE ("Ashley Defendants") (collectively, the "Parties"), by and through their undersigned counsel of record, and pursuant to the Federal Rules of Civil Procedure and this Court's December 17, 2024 Order (Doc. 25) ("Scheduling Order"), hereby file this Joint Motion to Extend the Remaining Discovery Deadlines to Accommodate Mediation, and in support

thereof state the following:

1. On December 16, 2024, pursuant to Local Rule 26-1, the Parties filed their Joint Proposed Discovery Plan and Scheduling Order. (Doc. 24)

2. On December 17, 2024, the Court entered a Scheduling Order, setting forth, in relevant part, the following discovery and pre-trial deadlines:

| **Expert Disclosures** | Initial-Expert Disclosures: July 7, 2025 |
| | Rebuttal-Expert Disclosures: August 5, 2025 |
| **Discovery Completion** | September 4, 2025 |
| **Filing Dispositive Motions** | October 6, 2025 |
| **Joint Final Pre-Trial Order** | November 5, 2025 |

(*See* Doc. 25).

3. Since the Court's entry of the Scheduling Order, the Parties have been diligently engaged in litigation. To date, the Parties have completed written discovery, exchanged extensive document productions, identified witnesses for deposition, and have discussed the possibility of early resolution through mediation.

4. The Parties have agreed to participate in a private mediation with Judge Jennifer Togliatti (Ret.). Based on Judge Togliatti's current mediation availability, the Parties expect to mediate at a date in September 2025.

5. The Parties desire to continue the remaining discovery deadlines to allow the Parties to commit fully to the mediation process with Judge Togliatti, without incurring additional and potentially unnecessary litigation costs and attorney's fees.

6. In order to accommodate the time necessary for mediation, the Parties respectfully request this Court extend the remaining deadlines in the Scheduling Order by approximately 120 days.

7. The Parties' proposed extended deadlines are as follows:

-2-

| **Expert Disclosures** | Initial-Expert Disclosures: November 4, 2025 |
|---|---|
| | Rebuttal-Expert Disclosures: December 3, 2025 |
| **Discovery Completion** | January 9, 2026 |
| **Filing Dispositive Motions** | February 13, 2026 |
| **Joint Final Pre-Trial Order** | March 13, 2026 |

8. The Parties further request that any set trial date also be continued accordingly.

9. This is the Parties' first request for extension of the deadlines in the Scheduling Order, and the Parties agree that no party will be prejudiced by the discovery extensions jointly sought herein.

10. Should this case resolve through mediation, the Parties will immediately file a notice of settlement.

11. Should mediation result in impasse, the Parties agree to file a joint status report advising the Court of the same.

12. This Motion is filed more than 21 days before the next discovery deadline (July 7, 2025) in this case, in compliance with the Scheduling Order, which specifically provides that "[p]ursuant to Local Rule 26-3, any stipulation or motion to modify the Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline." (Doc. 25 at p. 7, ¶10).

13. This Motion is made in good faith and not for any improper purpose or undue delay and is instead made out of an abundance of caution and to avoid unnecessary litigation fees and expenses while the parties explore early resolution on this matter.

### **MEMORANDUM**

Under Federal Rule of Civil Procedure 6(b)(1), when an act must be done within a specified time, the court may extend the time for good cause if the request for an extension is made before the original time or its extension expires. See Fed. R. Civ. P. 6(b)(1)(A). The rule is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the

merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). The Ninth Circuit has described the "good cause" standard as "less rigorous than excusable neglect." *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 887 (9th Cir. 2001). When evaluating whether the good cause standard has been met, "[t]he Ninth Circuit has equated good cause with the exercise of due diligence." *Mitchell v. Nevada*, No. 2:17-CV-00686-APG-CWH, 2019 WL 12250310, at *1 (D. Nev. May 14, 2019) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 509 (9th Cir. 1992)); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Local Rule 26-4 provides that:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

*Mitchell*, 2019 WL 12250310, at *2 (quoting Local Rule 26-4).

The Parties have diligently been working to move this case forward. After extensive motion practice with respect to the pleadings and removal, the Parties have completed written discovery, exchanged document productions, and identified party-witnesses for deposition. The Parties have also discussed and agreed to explore a pre-trial resolution through mediation. To that end, the Parties have selected Judge Togliatti (Ret.) as a mediator and expect to mediate in September 2025 based on Judge Togliatti's schedule. The Parties submit this request for an extension of the remaining deadlines to allow them to mediate this matter before continuing to incur likely unnecessary attorneys fees and costs.

As this Motion sets forth good cause by seeking a mediation in compliance with Local Rule 26-3, it would be an appropriate exercise of the Court's discretion to grant the requested extension of the deadlines in the above-referenced matter. The Parties file this Joint Motion in good faith, have demonstrated good cause, and do not bring this Motion for any improper purpose.

-4-

WHEREFORE, Plaintiffs, NICAELA M. BIER and JOSHUA J. ROSS, and Defendants, ASHLEY FURNITURE INDUSTRIES, LLC, ASHLEY DISTRIBUTION SERVICES, LTD., ASHLEY GLOBAL RETAIL, LLC, ASHLEY FURNITURE HOME STORES, and ASHLEY HOME STORE, respectfully request that this Court grant this Joint Motion to Extend the Remaining Discovery Deadlines as Set Forth in the Court's Scheduling Order (Doc. 25), and extending all remaining deadlines as set forth above, and any further relief that is just and fair.

## **LOCAL RULE 40(c)(5) CERTIFICATION**

In accordance with Rule 40(c)(5) of the Local Rules of the United States District Court for the Clark County Court of Nevada, the undersigned certifies that they have conferred with counsel for Plaintiff, Brett A. Carter, Lindsay Cullen, and Sean K. Claggett, and that they and their client agree and join the Ashley Defendants' Motion, or the relief sought herein.

Respectfully submitted,

GORDON REES SCULLY MANSUKANI, LLP

/s/ *Brian K. Walters*
Brian K. Walters (#9711)
Craig A. Jacobson (Admitted *Pro Hac Vice*)
Gordon Rees Scully Mansukhani, LLP
300 So. 4th Street, Ste. 1550
Las Vegas, Nevada 89101
bwalters@grsm.com
craig.jacobson@grsm.com

*Attorneys for Defendants,*
*Ashley Furniture Industries, LLC,*
*Ashley Distribution Services, Ltd., and*
*Ashley Global Retail, LLC, d/b/a*
*Ashley Furniture Home Store and/or Ashley Home Store*

BERTOLDO CARTER SMITH & CULLEN

*/s/ Brian K. Blankenship*
Brian Blankenship, Esq.
Sean K. Claggett, Esq.
CLAGGETT & SYKES, LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
sclaggett@claggettlaw.com
brian@claggettlaw.com

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

and

Brett A. Carter, Esq.
Lindsay Cullen, Esq.
BERTOLDO CARTER SMITH & CULLEN
7408 West Sahara Avenue
Las Vegas, Nevada 89117
Carter@nvlegaljustice.com
Lindsay@nvlegaljustice.com

*Attorneys for Plaintiffs,
Nicaela M. Bier, individually,
as heir, and as Personal Representative
and Administratrix of the Estate of Ryder
Michael Ross, and Joshua J. Ross,
individually and as heir*

**IT IS THEREFORE ORDERED** that the parties' joint motion to extend discovery deadlines is **GRANTED**.

**IT IS SO ORDERED**

**DATED:** 10:16 am, June 16, 2025

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

-6-