1 | Brian K. Walters, Esq.
Nevada Bar No. 9711
Craig A. Jacobson, Esq.
(*Admitted Pro Hac Vice*)
Christina Flores, Esq.
(*Admitted Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
1 East Liberty Street, Suite 424
Reno, Nevada 89501
Office:  (775) 324-9800
Direct:  (775) 467-2605
Facsimile:  (775) 460-4901
E-Mail: bwalters@grsm.com
         cjacobson@grsm.com
         cflores@grsm.com

*Attorneys for Ashley Furniture Industries, LLC; Ashley Distribution Services, Ltd; Ashley Global Retail, LLC; and Ashley Furniture Home Store*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NICAELA M. BIER, individually, as heir, and as Personal Representative and Administratrix of the Estate of RYDER MICHAEL ROSS; and JOSHUA J. ROSS, individually and as heir;<br><br>Plaintiffs,<br><br>v.<br><br>ASHLEY FURNITURE INDUSTRIES, LLC, a Foreign Limited-Liability Company; ASHLEY DISTRIBUTION SERVICES, LTD., a Foreign Limited Company; ASHLEY GLOBAL RETAIL, LLC, a Foreign Limited-Liability Company doing business as ASHLEY FURNITURE HOME STORE and/or ASHLEY HOME STORE; DOES 1 through 30, inclusive; ROE BUSINESS ENTITIES 1 through 30, inclusive.<br><br>Defendants. | Case No.:  2:24-cv-0291-CDS-BNW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**IT IS HEREBY STIPULATED AND AGREED** to, by and between the parties to this action, Plaintiffs NICAELA M. BIER, individually, as heir, and as Personal

1

Representative and Administratrix of the Estate of RYDER MICHAEL ROSS; and JOSHUA J. ROSS, individually and as heir (collectively referred to herein as "Plaintiffs"), and Defendants ASHLEY FURNITURE INDUSTRIES, LLC, a Foreign Limited-Liability Company; ASHLEY DISTRIBUTION SERVICES, LTD., a Foreign Limited Company; ASHLEY GLOBAL RETAIL, LLC, a Foreign Limited-Liability Company doing business as ASHLEY FURNITURE HOME STORE and/or ASHLEY HOME STORE; and PAULA ANDREWS (collectively referred to herein as "Defendants"), through their respective attorneys of record, that certain documents produced in connection with discovery proceedings in this action shall be subject to the following protective order.

1. **PURPOSES AND LIMITATIONS:**

Discovery in this action involves production of material that certain parties contend to be confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation is warranted. Accordingly, Plaintiffs and Defendants (jointly referred to herein as the "parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

This stipulation for a protective order is not intended to confer blanket protections on all disclosures or responses to discovery, and the protection that it is intended to afford from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

2. **DEFINITIONS:**

2.1   Action: This pending lawsuit entitled <u>Nicaela M. Bier, individually and as Personal Representative and Administratrix of the Estate of Ryder Michael Ross, and Joshua J. Ross v. Ashley Furniture Industries, LLC, Ashley Distribution Services, Ltd., and Ashley Global Retail, LLC d/b/a Ashley Furniture Store and/or Ashley Home Store, and Paula Andrews</u>, U.S. District Court Case No. 2:24-cv-00291-CDS-BNW.

2.2   Counsel: Counsel of Record (as well as their support staff).

2.3   Designating Party or designating party: any party that designates material to be Designated Protected Material pursuant to the terms of this order.

2

2.4     Designated Protected Material:  all documents, data, information, or other materials produced pursuant to FRCP 26(a), (e); produced in response to any interrogatories, requests for production of documents; or any deposition testimony that contains: (1) information which any party believes in good faith to be a trade secret, proprietary information or confidential research, development, commercial, or other proprietary business information within the meaning of FRCP 26(c)(1)(G); and (2) documents and/or testimony that may reveal confidential, proprietary, personal, or commercially sensitive information. Such Designated Protected Material may be contained in any written, printed, recorded, or graphic matter of any kind and shall retain its protected designation irrespective of the medium on which it is produced, reproduced, or stored. Designated Protected Materials include excerpts, copies, or summaries of all documents or information that qualify as Designated Protected Materials under the foregoing definition. Any party may designate documents or information as Protected with a watermark or legend detailed below in Section 4.1.

2.5     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this Action.

2.6     Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.7     Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.8     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**3.     SCOPE:**

The protections conferred by this Order cover not only Designated Protected Material (as defined above), but also: (1) any information copied or extracted from Designated Protected Material; (2) all copies, excerpts, summaries, or compilations of Designated Protected Material;

and (3) any testimony, conversations, or presentations by any Party or its Counsel that might reveal Designated Protected Material.

Any use of Designated Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Designated Protected Material at trial.

**4.    DESIGNATION OF PROTECTED MATERIAL:**

4.1    <u>Marking of Designated Protected Material</u>. Except as otherwise provided in this Order, Designated Protected Material must be clearly marked. Marking of Designated Protected Material in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the designating party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, then the designating party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions, that the designating party generally identify the protected material on the record before the close of the deposition and pursuant to the section of this Order pertaining to depositions.

4.2    <u>Inadvertent Failures to Mark</u>. If timely corrected, an inadvertent failure to mark material that qualifies as Designated Protected Material does not, standing alone, waive a party's right to secure protection under this Order for such material. Upon timely correction of a designation, any party that received the inadvertently unmarked material must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4.3    <u>De-Designating of Protected Material</u>. Any party that has designated material to be Designated Protected Material may withdraw that designation at any time by expressly notifying all parties in writing of the withdrawn designation.

4.4    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care

4

1  to limit any such designation to specific material that qualifies under the appropriate standards.
2  The Designating Party must designate for protection only those parts of material, documents,
3  items or oral or written communications that qualify so that other portions of the material,
4  documents, items or communications for which protection is not warranted are not swept
5  unjustifiably within the ambit of this Order.  Mass, indiscriminate or routinized designations are
6  prohibited.  Designations that are shown to be clearly unjustified or that have been made for an
7  improper purpose (e.g., to unnecessarily encumber the case development process or to impose
8  unnecessary expenses and burdens on other parties) may expose the Designating Party to
9  sanctions.  If it comes to a Designating Party's attention that information or items that it
10 designated for protection do not qualify for protection, that Designating Party must promptly
11 notify all other Parties that it is withdrawing the inapplicable designation.

12       4.5      <u>Challenging Confidentiality Designations</u>.  Any party may challenge another
13 party's designation of confidentiality at any time and in any manner that is consistent with the
14 Court's Scheduling Order and Local Rules.  The challenging party must notify the Designating
15 Party in writing of the specific items for which the designation of confidentiality is being
16 challenged and then meet and confer with the Designating Party via telephone, videoconference,
17 or in person at least fourteen (14) days prior to filing any motion with the Court seeking to
18 remove the confidential designation(s).  The burden of persuasion in any such challenge
19 proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an
20 improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties)
21 may expose the challenging party to sanctions.  Unless the Designating Party has waived or
22 withdrawn the confidentiality designation, all parties shall continue to afford the material in
23 question the level of protection to which it is entitled under the Designating Party's designation
24 until the Court rules on the challenge.

25 **5.**      <u>**NO WAIVER OF OTHER OBJECTIONS:**</u>

26       By stipulating to the entry of this Protective Order, no party waives any right that it
27 otherwise would have to object to disclosing or producing any information or item on any
28 ground not addressed in this stipulated Protective Order.

*Gordon Rees Scully Mansukhani, LLP*
*1 East Liberty Street, Suite 424*
*Reno, NV 89501*

5

Similarly, no party waives any right to object on any ground to the use of any of the material covered by this Protective Order as evidence at the trial of this matter.

**6.    ACCESS TO AND USE OF PROTECTED MATERIAL:**

6.1    Basic Principles.

(a)    Designated Protected Material may not be used for any purpose other than prosecuting or defense in the Action.

(b)    Any party that receives Designated Protected Material from another party may not disclose such material to anyone other than the categories of persons described in this Order.

(c)    Any person authorized by this Order to receive Designated Protected Material may not disclose such material to anyone other than the categories of persons described in Section 6.2 of this Order.

(d)    When the Action has been terminated, all parties that have received Designated Protected Material must comply with the provisions of Section 11 below.

(e)    All parties must store and maintain Designated Protected Material at a location and in a secure manner that ensures access is limited to the persons authorized under this Order.

(f)    Nothing in this Order shall restrict a designating party's use of Designated Protected Material.

6.2    Disclosure of Designated Protected Material.  Unless otherwise ordered by the Court or permitted in writing by a designating party, any party that has received Designated Protected Material from another party may disclose such material only to the following:

(a)    the receiving party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the parties;

(c)    Experts (as defined in this Order) retained by the party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A);

    (d)    the Court and its personnel;

    (e)    court reporters, videographers, and their staff retained for purposes of this Action;

    (f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g)    during their depositions, witnesses, and attorneys for witnesses, pursuant to Section 7 below; and

    (h)    any mediators or settlement officers and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions in the Action.

**7.** **DEPOSITIONS:**

7.1     During any deposition in which any Designated Protected Material is offered as an exhibit, or a witness is questioned about the specific contents of same, whether or not offered as an exhibit, all persons present at the deposition shall observe the confidentiality of the Designated Protected Material and the terms of this Order, and a copy of this Order shall be made an exhibit to the deposition. No witness shall be permitted to take any of the Designated Protected Material, or any copies of same, from the deposition, nor shall they be permitted to disclose or retain any of the Designated Protected Material.

7.2     Within forty-five (45) days of receipt of the original or a certified copy of a transcript of a deposition given in this Action, if a designating party contends that testimony pertaining to any Designated Protected Material is subject to this Order, the designating party's counsel shall provide written notice to counsel for all other parties of the page and line numbers so designated. If a document qualifying as Designated Protected Material is used as an exhibit at a deposition, that document and the deposition testimony concerning it shall be deemed Designated Protected Material regardless of whether Defendants make any formal designation thereof in connection with the deposition. If any portion of a deposition transcript is designated and/or deemed Designated Protected Material, including exhibits, any filing or lodging of the

7

1 transcript in its entirety with the court shall be done pursuant to Section 9 herein. Nothing herein 2 shall preclude the lodging of non-confidential excerpts of deposition testimony with the court 3 without filing such undesignated portions under seal.

4 7.3 Each court reporter and videographer participating in any deposition in which 5 Designated Protected Information is disclosed shall be provided with a copy of this Order and 6 shall adhere to its provisions.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL:**

If any party that has received Designated Protected Material learns that, by inadvertence or otherwise, it or its counsel has disclosed such material to any person or in any circumstance not authorized under this Order, that party must immediately (a) notify the designating party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Designated Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

**9. ITEMS FILED WITH THE COURT:**

9.1 The parties acknowledge that this stipulated Protective Order does not entitle them to file Designated Protected Material under seal with the Court.

9.2 When any party intends to file or lodge Designated Protected Material with the Court, the filing party shall make a good faith effort to have that material filed under seal by motion to the Court pursuant to Local Rule IA 10-5.

9.3 If a party that has received Designated Protected Material from another party seeks to file such material with the Court under seal, the designating party must assist by providing the necessary information/evidence to support a motion for leave to file the material under seal pursuant to Local Rule IA 10-5.

9.4 To the extent practicable, Designated Protected Material shall be filed separately from non-Designated Protected Material or in severable portions of filed papers, so that material that does not qualify as Designated Protected Material may be freely disseminated.

Gordon Rees Scully Mansukhani, LLP
1 East Liberty Street, Suite 424
Reno, NV 89501

9.5     The parties shall attempt to agree upon procedures to protect at any hearing the confidentiality of information filed under seal and shall, prior to such hearing, submit such proposed procedures, including any disputes thereto, to the Court for its approval or modification.

**10.    MODIFICATIONS OF THIS ORDER:**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**11.    CONTINUING EFFECT OF ORDER:**

11.1    At the conclusion of this matter by lapse of all appeal rights after entry of final judgment from which no further rights of appeal exist, or by settlement of this matter, all Designated Protected Material produced in this litigation, including all copies made of such material shall, upon demand by designating party, be destroyed or returned to counsel for the designating party.  If no request for return is received within 60 days of final disposition, all parties and counsel that have received Designated Protected Material shall destroy all such material and any copies thereof except as set forth in section 11.2.  The Court and Court personnel are exempt from the provisions of this Section.

Whether the Designated Protected Material is destroyed or returned to counsel for the designating party, the parties that have received any such material must submit a written certification to the designating party within 60 days of final disposition that: (1) identifies by category, where appropriate) all the Designated Protected Material that was destroyed or returned; and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, or summaries of the Designated Protected Material except as set forth in section 11.2.

11.2    Notwithstanding the foregoing, counsel for all parties may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Designated Protected Material, and counsel will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Designated Protected Material need not be destroyed, but, if it is not destroyed, the person in

possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

    11.3   This Order shall continue to be binding after the conclusion of this litigation except that any party may seek dissolution or modification of this Order at any time. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed pursuant to this Order, and to enforce or modify this Order.

**12.**   **<u>VIOLATION:</u>**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 3, 2025                   Dated: July 3, 2025

CLAGGETT & SYKES LAW FIRM        GORDON REES SCULLY MANSUKHANI, LLP

/s/ *Brian Blankenship*                /s/ *Christina M. Flores*
Brian Blankenship, Esq.               Brain K. Walters, Esq.
Nevada Bar No. 11522                Nevada Bar No. 9711
*Attorneys for Plaintiffs*               Craig Jacobson, Esq.
                                                     (*Admitted Pro Hac Vice*)
                                                     Christina M. Flores Esq.
                                                     (*Admitted Pro Hac Vice*)
                                                     *Attorneys for Defendants Ashely Furniture Industries, LLC; Ashley Distribution Services, Ltd.; Ashley Global Retail, LLC; Ashley Furniture Homestore; and Paula Andrews*

                                       **<u>ORDER</u>**

    **IT IS SO ORDERED.**

                                                     _____
                                                     U.S. Magistrate Judge
                                                     DATED: 7/9/2025

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____, 2025 in the case of *Nicaela M. Bier, individually and as Personal Representative and Administratrix of the Estate of Ryder Michael Ross, and Joshua J. Ross v. Ashley Furniture Industries, LLC, Ashley Distribution Services, Ltd., and Ashley Global Retail, LLC d/b/a Ashley Furniture Store and/or Ashley Home Store, and Paula Andrews*, U.S. District Court Case No. 2:24-cv-00291-CDS-BNW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

11

ATTESTATION OF CONCURRENCE IN FILING

I hereby attest and certify that on July 3, 2025, I received concurrence from all other counsel in this action to file this document with their electronic signatures attached.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 3, 2025.

Dated: July 3, 2025

/s/ *Christina M. Flores*
Christina M. Flores

GORDON REES SCULLY MANSUKHANI, LLP

/s/ *Brian K. Walters*
Brian K. Walters, Esq.
Nevada Bar No. 9711
Craig A. Jacobson, Esq.
(*Admitted Pro Hac Vice*)
Christina M. Flores, Esq.
(*Admitted Pro Hac Vice*)
1 East Liberty Street, Suite 424
Reno, Nevada 89501

*Attorneys for Ashley Furniture Industries, LLC; Ashley Distribution Services, Ltd; Ashley Global Retail, LLC; and Ashley Furniture Home Store*